UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

JAMES BELL,

                                    PLAINTIFF,              **COMPLAINT**

                   -AGAINST-                              **ECF CASE**

NEW YORK CITY, POLICE OFFICER SHERIF BAKSH,
and POLICE OFFICER JOHN DOE, individually, and in
their capacity as members of the New York City Police
Department,

                                 DEFENDANTS.

-------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. James Bell ("Mr. Bell"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 28, 2014, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Mr. Bell to, *inter alia*, false arrest, excessive force, malicious prosecution, and denial of a right to a fair trial.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Bell, is a citizen of the United States and at all times here relevant resided at 3784 10th Avenue, Apartment 3A, New York, NY 10034.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Sherif Baksh ("PO Baksh") and Police Officer John Doe ("PO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Bell is a 45 year old African American male.

11. Mr. Bell is currently an electrical student at Berk Trade School.

12. On or about February 28, 2014, at approximately 1:35 pm, Mr. Bell was walking southbound along Vermilyea Avenue.

13. At the intersection of Vermilyea Avenue and Academy Street, an unmarked car pulled up beside Mr. Bell.

14. PO Baksh and PO John Doe jumped out of the car and ran towards Mr. Bell.

15. PO Baksh and PO John Doe grabbed Mr. Bell by the arms and pinned him against the hood of their car.

16. PO Baksh and PO John Doe proceeded to pat down Mr. Bell and search his pockets.

17. PO Baksh and PO John Doe placed Mr. Bell in handcuffs with such force that they broke Mr. Bell's left wrist.

18. Several other police officers arrived on the scene during the incident.

19. Mr. Bell was in excruciating pain and complained on several occasions to the officers about the tightness of the handcuffs.

20. Mr. Bell was taken to the 34th Precinct and given a citation for disorderly conduct.

21. Mr. Bell was released from the 34th Precinct without being processed.

22. On or about June, 2014, Mr. Bell's citation was dismissed.

23. Mr. Bell continues to suffer from pain and discomfort in his wrist and receives ongoing physical therapy.

24. Mr. Bell suffered at work as a result of his injuries.

25. Mr. Bell continues to feel traumatized by the events of February 28, 2014, and is wary and fearful when he sees police officers.  Mr. Bell takes efforts to avoid police officers when in public.

26. Mr. Bell suffered at work following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, physical pain and financial loss.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – False Arrest)

27. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

28. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

29. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

30. Defendants confined plaintiff.

31. Plaintiff was aware of, and did not consent to, his confinement.

32. The confinement was not privileged.

33. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## SECOND CAUSE OF ACTION

### (42 USC 1983 – Malicious Prosecution)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

37. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

38. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.


### THIRD CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

42. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

### (42 USC 1983 –Denial of Right to a Fair Trial)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

45. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

46. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

47. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of plaintiff's causes of action;

> Awarding plaintiff punitive damages in an amount to be determined by a jury;

> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 10, 2014


                                    By:        _____/s/_____
                                               Duncan Peterson (DP 7367)

                                               PetersonDelleCave LLP
                                               Attorney for Plaintiff
                                               233 Broadway, Suite 1800
                                               New York, NY 10279
                                               (212) 240-9075